BRADLEY v. RODELSPERGER.

1. The decision of an issue raised by a demurrer to the complaint does no more than adjudge the point of law involved.
2. That a childless widow is entitled as against her deceased husband's debts to the homestead allowed to the head of a family by the constitution and laws of this state, was the only point decided in *Bradley* v. *Rodelsperger*, 3 *S. C.* 227.
3. All proceedings in the Court of Probate, whether pending or completed, for the assignment of a homestead as against debts contracted prior to 1868, are without the jurisdiction of the court, and therefore void *ab initio*, and hence in such proceeding there can be no adjudication binding upon any person.
4. Long silence and acquiescence, induced by ignorance of the law in regard to the right of homestead, do not operate as an estoppel upon creditors.

* Except where otherwise stated, the opinion and judgment of the court are unanimous.

Before KERSHAW, J., Newberry, November, 1880.

The opinion fully states the case.

Messrs. *Suber & Caldwell*, for appellant.

Mr. *L. J. Jones*, contra.

March 18, 1882. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. Richard L. Bradley died prior to 1868, leaving a widow, Emeline A. Bradley, as his executrix and sole legatee. His estate was insolvent, and on Nov. 15, 1869, the widow Emeline filed her petition in the Probate Court of Newberry county for *homestead* in the real estate of her late husband. Peter Rodelsperger, a specialty creditor of her husband, demurred to the petition on the ground that, as it appeared on its face that the petitioner was childless, she was not the "head of a family" and entitled to homestead. The judge of Probate sustained the demurrer. She appealed to the Circuit Court, which sustained the judgment of the Probate Court, and she then appealed to this court, which, at the November Term, 1871, decided that a widow without children might be entitled to homestead, reversed the judgment below, and remanded the case to the Probate Court " for further consideration," saying that " the facts on which the decree was based not having been fully brought before us, we cannot finally adjudicate the right of the claimant to a homestead exemption." 3 *S. C.* 226.

The case went back, and on September 30, 1872, the Probate judge issued a writ directing commissioners to set off homestead for the applicant. To this writ the commissioners made return on the same day that they had set apart for such homestead a lot in the town of Newberry, being the lot on which the deceased husband had resided at the time of his death, and on which the applicant then resided. This return was filed in the Court of Probate November 28, 1872, and thus the case stood without exception being either filed or served to the return, and without order of the court confirming the return, until April 24, 1876, when exceptions were

filed on the grounds that petitioner was not entitled to home-stead, and if she was, that the quantity set off was excessive. On March 30, 1878, other creditors of the husband, who had not been made parties, filed a petition *In Re*, asking to be al-lowed to come in and defend. The judge of Probate allowed them to be made parties, and upon their motion set aside the return of the commissioners and dismissed the petition. From this order of the Probate Court Mrs. Bradley appealed to the Circuit Court, and Judge Kershaw dismissed the appeal. From this order she appeals to this court upon the following exceptions:

1. Because the petitioner's claim of homestead has been heretofore *adjudicated* in her favor by competent courts of the said State.

2. Because the creditors of Richard L. Bradley, the petition-er's husband, acquiesced in and consented to her claim of home-stead in such manner as to *estop* them from further contesting the same.

3. Because under the laws of the state and the facts of the case the said petitioner is entitled to the homestead exemp-tion claimed by her in this proceeding.

As to the claim that the matter has been adjudged. The decision of an issue raised by a demurrer to the complaint does no more than decide the point of law involved. If there are facts in the case other than those stated in the complaint the decision does not touch them, but they are referred to the proper tribunal for hearing and determination. The only ques-tion in the case which went to the Supreme Court was the question of law whether a childless widow as against her de-ceased husband's debts is entitled to the homestead allowed to "the head of a family" by the constitution and laws of this state. That question was decided and cannot be again mooted, but nothing more was decided. The case was referred back "for further consideration." Accordingly the case went back, and the judge of Probate, accepting the point decided, that the applicant was not excluded from homestead only for the reason that she had no children, proceeded with the case and issued a writ to set off homestead, which was returned executed.

The return lay in the Probate Office without being excepted to or confirmed until 1876, when exceptions were filed. This was after the publication of the decision in the case of *Cochran* v. *Darcy*, 5 *S. C.* 125, which, following *Gunn* v. *Barry* in the Supreme Court of the United States (15 *Wall.* 610), held that so much of our constitution and laws as purports to allow a homestead against a debt older than the constitution was in violation of the Constitution of the United States and void. We have no doubt that the new light thrown upon the subject by that decision led the creditors of Bradley in 1876 to file exceptions and contest the claim of the applicant for homestead in her husband's lands.

In the view which the court takes it is not material to inquire what was the stage or condition of the proceedings in the Probate Court at the time the creditors filed exceptions—whether the proceeding had been completed or was still pending. The deceased debtor died before the adoption of the constitution in 1868 allowing homestead, and it is therefore clear that all his debts had been contracted before that time, and as against said debts, any and all proceedings instituted by the widow for homestead, whether such proceeding was still pending or in form concluded, were absolutely void. There can be no binding adjudication of any kind against any person in a proceeding void *ab initio*, which may be set aside in any manner direct or collateral, wherever and whenever encountered. "The plea of *res judicata* cannot prevail for several reasons, but it is only necessary to state that the whole proceedings were without jurisdiction and void." *Douglass* v. *Craig*, 13 *S. C.* 374.

The question of *estoppel* from long silence and acquiescence, on account of ignorance of what the law was in these homestead cases, was a question of some difficulty; but it has been fully considered by this court, and we suppose it can hardly be necessary to do more than to refer to the repeated decisions upon the subject. It has been held that there was no *estoppel* even in the case of a judgment creditor under whose judgment the homestead was assigned, and who received his *pro rata* of the proceeds of sale outside of the homestead assigned in ig-

norance of the real state of the law.   *Douglass* v. *Craig,* 13.
*S. C.* 371; *Bull* v. *Rowe, Ib.* 355.

The judgment of this court is that the judgment of the.
Circuit Court be affirmed.